# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **:** |
| Plaintiff, | **:**  Case No.: 2:17-cr-00146 |
| v. | **:**  Honorable Judge Marbley |
| **DARRELL L. BRYANT,** | **:** |
| and | |
| **GIFTY KUSI** | **:** |
| Defendants. | **:** |

## DEFENDANTS' JOINT PROPOSED JURY INSTRUCTIONS

NOW COME Defendants Darrell L. Bryant and Gifty Kusi, by and through undersigned counsel, and hereby submit proposed jury instructions for use at the trial of this action.

Defendants respectfully reserve the right to withdraw or submit additional instructions if the evidence at trial so warrants.

Dated: November 21, 2018

                                        Respectfully submitted,

                                        /s/ *Laura A. Perkovic*
                                        Laura A. Perkovic (0072986)
                                        *Attorney for Defendant Darrell L. Bryant*
                                        470 Olde Worthington Rd. Ste 200
                                        Westerville, OH 43082
                                        Phone (614) 360-3848
                                        Fax (248) 644-6324
                                        LPerkovic@chapmanlawgroup.com

                                        */s/ J. Anthony Rich*
                                        J. Anthony Rich (0066295)
                                        *Attorney for Defendant Gifty Kusi*
                                        300 Broadway, Suite 101-B
                                        Lorain, OH 44052

Phone (440) 245-2274
Fax (440) 244-0811
anthony@janthonyrich.com

## DEFENDANTS' JOINT PROPOSED JURY INSTRUCTIONS

Defendants propose and incorporate by reference the following standard, applicable jury instructions, also proposed by the United States, from the Sixth Circuit's Pattern Criminal Jury Instructions.

| | |
|---|---|
| 1.01-1.09 | General Principles |
| 2.01 | Introduction |
| 2.01C | Separate Consideration - Multiple Defendants Charged with Same Crimes |
| 2.04 | On or About |
| 2.08 | Inferred State of Mind |
| 7.01 | Introduction |
| 7.02A | Defendant's Election Not to Testify or Present Evidence (*if applicable*) |
| 7.02B | Defendant's Testimony (*if applicable*) |
| 7.03 | Opinion Testimony |
| 7.03A | Witness Testifying to Both Facts and Opinions |
| 7.04 | Impeachment by Prior Inconsistent Statement Not Under Oath |
| 7.07 | Testimony Under Grant of Immunity or Reduced Criminal Liability |
| 7.12 | Summaries and Other Materials Not Admitted in Evidence |
| 7.12A | Secondary-Evidence Summaries Admitted in Evidence |
| 7.13 | Other Acts of Defendant |
| 7.20 | Statement by Defendant |
| 7.21 | Stipulations |
| 8.01 | Introduction |
| 8.02 | Experiments, Research, Investigation and Outside Communications |
| 8.03 | Unanimous Verdict |
| 8.04 | Duty to Deliberate |
| 8.05 | Punishment |
| 8.06 | Verdict Form |
| 8.08 | Verdict Limited to Charges Against This Defendant |

Additionally, Defendants propose the following applicable Sixth Circuit Pattern Criminal Jury Instructions:

| | |
|---|---|
| 2.01A | Separate Consideration - Single Defendant Charged with Multiple Crimes |
| 7.08 | Testimony of an Accomplice |

Defendants propose, and incorporate by reference, the *specific jury instructions*, as drafted and proposed by the United States, based on the Sixth Circuit's Pattern Criminal Jury Instructions, to wit:

| | |
|---|---|
| 3.01A | Conspiracy to Commit Health Care Fraud |
| 3.02 | Agreement |
| 3.03 | Defendants' Connection to the Conspiracy |
| 3.06 | Unindicted, Unnamed or Separately Tried Co-Conspirators |

Finally, Defendants propose that the attached specific instructions be submitted to the jury.

| | |
|---|---|
| 10.04 | Fraud Good Faith Defense |
| 10.05 | Health Care Fraud |
| 4.01 | Aiding and Abetting |
| Custom | Caution – Civil Rules and Regulations (Preliminary Instruction) |

INSTRUCTION NO. _____

**Fraud Good Faith Defense**

The good faith of the defendants is a complete defense to the charge of Conspiracy to commit Health Care Fraud contained in Count One, and to the charges of Health Care Fraud contained in Counts Two through Five of the indictment because good faith on the part of the defendants is, simply, inconsistent with an intent to defraud.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

A defendant does not act in good faith if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others.

While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

The burden of proving good faith does not rest with the defendants because the defendants do not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendants acted with an intent to defraud.

If the evidence in this case leaves you with a reasonable doubt as to whether one or both defendants acted with an intent to defraud or in good faith, you must acquit one or both of the defendants.

**Pattern Criminal Jury Instructions for the Sixth Circuit (2017) Section 10.04.**

INSTRUCTION NO. _____

**Health Care Fraud**

Counts 2 through 5 of the indictment charges the two defendants with health care fraud. For you to find the defendants guilty of health care fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(1) First, that the defendants knowingly and willfully executed a scheme to defraud any health care benefit program or to obtain, by means of false or fraudulent pretenses, representations, or promises any of the money or property owned by or in the control of a health care benefit program in connection with the delivery of or payment for health care benefits, items, or services.

(2) Second, that the scheme related to a material fact or included a material misrepresentation or concealment of a material fact.

(3) Third, that the defendants had the intent to defraud.

Now I will give you more detailed instructions on some of these terms.

(A) A "health care benefit program" is any public or private plan or contract, affecting interstate commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract. A health care program affects commerce if the health care program had any impact on the movement of any money, goods, services, or persons from one state to another between another country and the United States. The government need only prove that the health care

program itself either engaged in interstate commerce or that its activity affected interstate commerce to any degree.

(B) A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

(C) The term "false or fraudulent pretenses, representations, or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

(D) An act is done "knowingly" if it is done voluntarily and intentionally, and not because of mistake or some other innocent reason.

(E) The word "willfully" means that the act was committed with the specific intent to do something the law forbids. That is to say, with bad purpose either to disobey or disregard the law.

(F) A misrepresentation concealment is "material" if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

(G) To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of either causing a financial loss to another or bringing about a financial gain to oneself or to another person.

The government need not prove that the defendants had actual knowledge of the health care fraud criminal statute, or specific intent to commit a violation of this statute or that the health

care benefit program suffered any financial loss, or that the defendants engaged in interstate commerce or that the acts of the defendants affected interstate commerce.

If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on the charge. If you have a reasonable doubt about any of the elements, then you must find the defendants not guilty of this charge.

**Source:**

This proposed instruction is taken in large part from Pattern Criminal Jury Instructions for the Sixth Circuit (2017) Section 10.05. Defendants' proposed modifications involve the following items. First, the element of and "willfully" is more specifically defined than in the health care fraud pattern instruction which essentially ignores the "willful" element as reflected in 18 U.S.C. 1347(a). "Willfully" is not defined in the Sixth Circuit pattern instructions; however, in *United States v. Pomponio*, 429 U.S. 10, 11-12 (1976), the Supreme Court stated that the term "willfully" does not require proof of any evil motive or bad purpose other than the intention to violate the law. *See also*, Pattern Criminal Jury Instructions for the Sixth Circuit (2017) Committee Commentary 2.05.

Next, Defendants propose a modification to the pattern instruction to read, "[t]he government need not prove that the defendants had actual knowledge of the health care fraud criminal statute, or specific intent to commit a violation of this statute …" This is consistent with the statutory language of the health care fraud statute which reads, in pertinent part, "… a person need not have actual knowledge of this section or specific intent to commit a violation of this section." 18 U.S.C. 1347(b). The modification therefore more accurately follows paragraph (b) of the health care fraud statute. In combination with a more specific definition of "willful" (as

discussed above), the proposed instruction makes clear that though there need not be proof of specific intent to violate the health care fraud statute *per se*, there must nonetheless be proof of intent to do something the law forbids.

**INSTRUCTION NO. \_\_\_\_\_**

**Aiding and Abetting**

For you to find the defendants guilty of health care fraud as charged in Counts Two through Five, it is not necessary for you to find that they personally committed the crime. You may also find them guilty if they intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find the defendants guilty of health care fraud as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the crime of health care fraud was committed.

Second, that the defendants helped to commit the crime or encouraged someone else to commit the crime.

And third, that the defendants intended to help commit or encourage the crime.

Proof that the defendants may have known about the crime, even if they were there when it was committed, is not enough for you to find them guilty. You can consider this in deciding whether the government has proved that they were an aider and abettor, but without more it is not enough.

What the government must prove is that the defendants did something to help or encourage the crimes with the intent that the crimes be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on these charges. If you have a reasonable doubt about any one of these elements, then you cannot find the defendants guilty of these crimes as an aider and abettor.

**Pattern Criminal Jury Instructions for the Sixth Circuit (2017) Section 4.01.**

INSTRUCTION NO.\_\_\_\_\_

**Caution –Civil Rules and Regulations**

You have heard testimony and evidence that certain civil rules and/or regulations which govern the conduct of pharmacies, medical clinics, and various medical professionals, may not have been followed at times. This is not a civil case.  The defendants are not on trial for civil violations.

You are hereby instructed that a violation of any of these rules and regulations is not a crime in and of itself; and is not determinative of a defendant's guilt or innocence.

The fact that certain civil rules and regulations may have been violated may only be used by you to assist you, as you may find useful, in determining a particular defendant's motive or intent as to the crimes charged in the indictment. That is how you may consider the evidence.

**Source:**

This instruction is a modified version of the instruction approved in *United States v. Munoz-Franco*, 487 F3d 25 (1st Cir. 2007) which cites *United States v. Christo*, 614 F2d 486, 491 (5th Cir. 1980), the watershed case dealing with the dangerous interaction between regulatory rules violations and criminal culpability. The *Munoz-Franco* opinion, in part, relied upon the district court's following limiting instruction on the use of evidence of civil and regulatory violations:

> You have heard testimony and evidence that certain civil rules and/or regulations which govern the conduct of banks may not have been followed at times at Caguas.
>
> You are hereby instructed that a violation of any of these rules and regulations is not a crime in and of itself, and is not determinative of a defendant's guilt or innocence.

> The fact that certain civil rules and regulations may have been violated at Caguas may only be used by you to assist you, as you may find useful, in determining a particular defendant's motive or intent as to the crimes charged in the third superseding indictment.

*U.S. v. Munoz-Franco*, 487 F.3d 25, 65 (1st Cir. 2007).