# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | NO: 2:17-CR-146 |
| v. | : | |
| | : | JUDGE ALGENON MARBLEY |
| DARRELL BRYANT AND GIFTY KUSI, | : | |
| Defendants. | | |

## GOVERNMENT MOTION TO REVOKE BOND

Now comes the government, by and through Assistant United States Attorneys Maritsa A. Flaherty and Kenneth F. Affeldt, and moves the court to revoke defendants Darrell Bryant's and Gifty Kusi's previously ordered bond and issue an order for their arrest, for the reasons set forth below.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney

s/Maritsa A. Flaherty_____
Maritsa A. Flaherty (0080903)
Kenneth F. Affeldt (0052128)
Assistant United States Attorneys
303 Marconi Blvd., Suite 200
Columbus, Ohio 43215
Phone: (614) 469-5715
Fax: (614) 469-2769
Maritsa.flaherty@usdoj.gov
ken.affeldt@usdoj.gov

**MEMORANDUM IN SUPPORT**

On July 24, 2017, defendants Darrell Bryant and Gifty Kusi were arrested and appeared before Magistrate Judge Kimberly Jolson for an initial appearance and arraignment on the charges in the instant case. At the same time, Magistrate Judge Jolson issued an Order setting conditions of release for both Bryant and Kusi. The conditions of bond, included standard conditions of release. As one of the standard conditions of release, Bryant and Kusi promised not to commit any new criminal offenses while on pretrial release. Based on evidence the Government intends to produce at a hearing, the Government has reason to believe the defendants have committed and are continuing to commit new criminal offenses while released on bond. Therefore, the Government respectfully requests the defendants Darrell Bryant and Gifty Kusi be detained pursuant to Title 18, Section 3142(e) for the reasons set forth below. The Government believes there are no conditions or combination of conditions that will reasonably assure the safety of the community.

### I.      INTRODUCTION

Defendants Darrell Bryant and Gifty Kusi were charged with one count of Conspiracy to Commit Health Care Fraud, in count 1 of the Indictment, and four counts of Health Care Fraud, in counts 2 through 5 of the Indictment. All counts related to fraudulent billings submitted to the Ohio Medicaid program. Count 2 related to billing the Ohio Medicaid program for compound creams not provided to patients; Count 3 related to billing the Ohio Medicaid program for compound creams that were not medically necessary; Count 4 related to billing the Ohio Medicaid program for counseling services not provided or provided in a group setting; and Count 5 related to billing the Ohio Medicaid program for counseling services performed by unqualified individuals, who were not properly supervised.  Beginning on December 3, 2018, and lasting through December 14, 2018, the government presented numerous

witnesses and exhibits at trial. On December 18, the Jury returned a verdict convicting defendants Darrell Bryant and Gifty Kusi of Counts 1, 3, 4, and 5. The Jury acquitted defendants Darrell Bryant and Gifty Kusi on Count 2.

After the verdict was read in Court, the Government moved for detention of both defendants on the grounds that both Darrell Bryant and Gifty Kusi posed a risk of harm to the community if they continued to operate Suboxone clinics [in addition to other factors addressed on the record]. After the defendants assured the Court they were no longer operating Suboxone clinics, or at least no longer interacting with patients, the Court released defendants under the same conditions of bond as previously ordered. Bond continued to include the condition that defendants are not to commit additional crimes. For the reasons set forth below, the Government believes both defendants are violating bond and therefore respectfully requests bond be revoked until such time as defendants can be sentenced.

## II. LAW

Prior to trial, a defendant may be: "(1) released on personal recognizance or upon execution of an unsecured appearance bond [following the provisions of 18 USC § 3142(b)]; (2) released on a condition or combination of conditions [as defined by Section 3142(c)]; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion [under Section 3142(d)]; or detained [pursuant to the provisions of Section 3142(e)]. 18 U.S.C. §3142. Persons released on recognizance bonds shall "not commit a Federal, State, or local crime during the period of release." 18 U.S.C. §3142(b). Title 18, Section 3142(e) provides, "if after a hearing … the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person … and the safety of any other person and the community, such judicial officer shall order the detention of the person…."

## III. FACTS

During the trial, the Government presented evidence that defendant Darrell Bryant, a licensed pharmacist, was treating patients and acting in the capacity of a physician (in which he does not hold a license in the state of Ohio) while at Health and Wellness Medical Center (HWMC). Several patients

testified and identified the defendant, Darrell Bryant, as the physician who treated them. In addition, Darrell Bryant's writing was identified on the patient visit notes in the section titled "MD Notes."

Additionally, during trial the Government presented evidence that it was standard operating procedure at HWMC for physicians to pre-sign prescriptions for Suboxone, and leave these in the patient files. Front desk staff indicated the patients did not have to see a doctor if there was a pre-signed prescription in the file.

The Government also presented evidence at trial that after execution of a second search warrant at HWMC, the Ohio Department of Medicaid (ODM) suspended HWMC. By way of letter, ODM issued notice to Darrell Bryant and HWMC that Medicaid provider numbers 0135925, 0080713, and 0056492 (which related to HWMC or Health & Wellness Pharmacy) were suspended effective September 23, 2016. The letter states:

> "This suspension applies to all claims submitted by the companies. While under suspension, **the companies and its owners**, officers, authorized agents, associates, managers, or employees **are prohibited** from doing any of the following: (1) providing, arranging for, or ordering services to Medicaid consumers including those for which it may have received prior authorization but not yet provided; (2) providing services to, or owning, any other Medicaid provider or risk contractor; or (3) receiving reimbursement for any services in the form of direct payments from ODM or indirect payments of Medicaid funds in the form of salary, shared fees, contracts, kickbacks, or rebates from or through any participating provider or risk contractor." (*emphasis added*)

The United States expects the evidence adduced at a hearing to establish the following additional facts: After trial, on December 18, 2018, defendants Bryant and Kusi met with Tiara Turner, U.S. Pretrial Services Officer for the Southern District of Ohio. At that time, Bryant and Kusi indicated they own and operate RX Consulting and Investment Services. They further indicated their only interaction with Alexander Recovery Center (ARC) was one day per week doing scheduling/staffing, supply ordering, and payroll.

From the time the Medicaid suspension was issued on September 23, 2016, and continuing to

present date, the Government has determined defendants Bryant and Kusi are the *de facto* owners and operators of ARC at three locations in the Southern District of Ohio. ARC continued to bill Medicaid, through use of Dr. Alexander's Medicaid number, despite Bryant and Kusi's suspension from the program. Dr. Alexander was used for the purposes of his name and his Medicaid number to continue billing Medicaid in violation of law and the suspension. Employees reported Bryant and Kusi are the owners and in control of all operations at ARC. Financial records obtained confirm Bryant and Kusi controlled ARC's finances, even issuing payments to Dr. Alexander with a memo line indicating "Medicaid." During this time, Bryant and Kusi ran all operations, including running operations of the clinics by a remote video monitoring system. Further, on February 27, 2019, no physicians were onsite at Alexander Recovery, yet pre-signed prescriptions for Suboxone, a Scheduled III controlled substance, were still issued to patients at the direction of defendants Bryant and Kusi.

## IV. ARGUMENT

Through the course of the trial, and additional evidence uncovered post-verdict, it is apparent to the Government that no conditions or set of conditions will stop the defendants from their continued illegal operation of multiple Suboxone clinics. By operating the clinics, which accept and bill Ohio Medicaid, defendants continue to commit Health Care Fraud, in violation of Title 18, Section 1347 of the United States Code. By directing staff to pass out pre-signed prescriptions for controlled substances, the defendants are conspiring to violate Title 21, Section 841 of the United States Code, and to illegally distribute controlled substances. Issuing pre-signed prescriptions of Suboxone, a Schedule III controlled substance, creates a significant risk of danger to the community, and creates a significant risk of diversion of the drug.

## V. CONCLUSION

For the reasons set forth previously, the Government respectfully requests a hearing to establish grounds that defendants Bryant's and Kusi's bond be revoked and they be ordered detained pending the resolution of the case.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney


s/Maritsa A. Flaherty
Maritsa A. Flaherty (0080903)
Kenneth F. Affeldt (0052128)
Assistant United States Attorneys
303 Marconi Blvd., Suite 200
Columbus, Ohio 43215
Phone: (614) 469-5715
Fax: (614) 469-2769
Maritsa.flaherty@usdoj.gov
ken.affeldt@usdoj.gov


**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of March, 2019, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic system.

s/Maritsa A. Flaherty
Maritsa A. Flaherty (0080903)
Kenneth F. Affeldt (0052128)
Assistant United States Attorneys