**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>        Plaintiff,<br><br>   vs.<br><br>**GIFTY KUSI,**<br><br>        Defendant. | **CASE NO. 2:17-CR-146(2)**<br><br>**CHIEF JUDGE MARBLEY** |

**GOVERNMENT'S OPPOSITION TO DEFENDANT GIFTY KUSI'S MOTION
FOR PERMISSION TO RENT 3219 SULLIVANT AVENUE**

    Now comes, the United States of America, by and through the undersigned counsel, and submits this response in opposition to defendant Gifty Kusi's Motion for Permission to Rent 3219 Sullivant Avenue. Doc. # 151. For the reasons stated below, it is not appropriate for the court to issue an advisory decision in relation to this matter. Therefore, the defendant's Motion should be denied.

    A memorandum in support is attached.

                                              Respectfully submitted,

                                              DAVID M. DEVILLERS
                                              United States Attorney

                                              s/Maritsa A. Flaherty
                                              MARITSA A. FLAHERTY (0080903)
                                              KENNETH F. AFFELDT (0052128)
                                              Assistant United States Attorneys
                                              303 Marconi Boulevard, Suite 200
                                              Columbus, Ohio 43215
                                              Office: (614) 255-1611
                                              Fax: (614) 469-5653
                                              Email: Maritsa.Flaherty@usdoj.gov

**MEMORANDUM IN SUPPORT**

### I. Introduction

The defendant Gifty Kusi has filed a Motion for Permission to Rent 3219 Sullivant Avenue, Columbus, OH 43201 to an Organization Licensed by the Ohio Mental Health and Addiction Services (OMHAS) and Accredited by the Commission on Accreditation of Rehabilitation Facilities (CARF). Doc. # 151.

### II. Procedural History

The defendant Gifty Kusi was charged by way of indictment on July 6, 2017, in which defendants Darrell Bryant and Gifty Kusi were charged with one count of Conspiracy to Commit Health Care Fraud, in violation of 18 U.S.C. § 1349, in count 1 of the Indictment, and four counts of Health Care Fraud, in violation of 18 U.S.C. § 1347, in counts 2 through 5 of the Indictment. Beginning on December 3, 2018, and lasting through December 14, 2018, the government presented numerous witnesses and exhibits at trial. On December 18, the Jury returned a verdict convicting defendants Darrell Bryant and Gifty Kusi of Counts 1, 3, 4, and 5. The Jury acquitted defendants Darrell Bryant and Gifty Kusi on Count 2.

On November 26, 2019, the Court held a full day long sentencing hearing. At the sentencing hearing, all objections to the PSR were addressed on the record. Doc. # 154. After the sentencing hearing, the Court outlined its rulings in an Order (January 10, 2020). Doc. # 153. The defendant Gifty Kusi was sentenced to twenty-four (24) months imprisonment to be served upon the completion of co-defendant Darrell Bryant's term of eighty-four (84) months of imprisonment. Doc. # 154 PAGEID 2728-29. The defendant Kusi was also ordered to pay $3,207,491.22 in restitution to the Ohio Medicaid Program "due immediately." Doc. # 154 PAGEID 2730. On December 18, 2019, Defendant filed a Motion for Permission to Rent 3219 Sullivant Avenue,

Columbus, OH 43201 to an Organization Licensed by the Ohio Mental Health and Addiction Services (OMHAS) and Accredited by the Commission on Accreditation of Rehabilitation Facilities (CARF). Doc. #151.

### III. Standard of Review

The defendant has failed to cite a legal basis for her request. Based on the defendant's motion it is unclear why she is requesting permission from the court to rental her property. While the defendant does not explicitly state this, it appears defendant is requesting the court issue an opinion as to whether the renting of the named property violates the administrative suspension issued by the Ohio Department of Medicaid.

### IV. Argument

As outlined below, it is not appropriate for the court to issue an advisory decision in relation to this matter. First, the defendant has not cited the legal basis for her request. Second, neither the court, nor the United States Attorney's Office is in a position to offer an advisory opinion related to Ms. Kusi's business dealings. Further, given the defendant's prior conduct, there are concerns regarding the accuracy and completeness of the information being provided to the court. Finally, there are other matters related to the property at issue in this motion that complicate granting the defendant's motion.

As this court is aware, the Ohio Medicaid program issued a suspension to Health and Wellness Pharmacy and Health and Wellness Medical Center on September 23, 2016. The court is also aware that after the suspension, defendants Bryant and Kusi continued the illegal operation of an OBOT facility. Both defendants Bryant and Kusi were the *de facto* owners and operators of

Alexander Recovery Center (ARC) at three locations in the Southern District of Ohio. One of these locations included the property located at 3219 Sullivant Avenue. ARC continued to bill Medicaid, through use of Dr. Alexander's Medicaid number, despite Bryant and Kusi's suspension from the Medicaid program. Dr. Alexander was used for the purposes of his name and his Medicaid number to continue billing Medicaid in violation of law and the suspension. Employees reported Bryant and Kusi were the owners and in control of all operations at ARC. Financial records obtained confirmed Bryant and Kusi controlled ARC's finances, even issuing payments to Dr. Alexander with a memo line indicating "Medicaid." During this time, Bryant and Kusi ran all operations, including running operations of the clinics by a remote video monitoring system. As a result of this conduct, defendant's bond was revoked.

Defendant Kusi is now requesting permission to rent 3219 Sullivant Avenue to SperoHealth for the purposes of operating a Suboxone clinic that services "patients that have medicare, medicaid, private insurance, and self-pay (cash)." Doc. #151 PAGEID 2517. While the defendant does not explicitly state it, it appears the defendant is requesting permission from the court to rent the property because of the Medicaid suspension.

There are several reasons it is not appropriate for the court to issue an advisory decision in relation to this matter. First, the defendant has not cited the legal basis for her request. Essentially, defendant is requesting the court determine whether her conduct is in accordance with Medicaid rules and regulations. This is not a matter for the court to determine, but rather a matter for defendant Kusi to discuss with the Ohio Department of Medicaid. Neither the court, nor the United States Attorney's Office are in a position to issue advisory guidance to Ms. Kusi regarding her business dealings. This is especially true, when information previously provided by defendant Kusi was less than accurate or complete.

Finally, there are several factors that further complicate the issuance of an opinion in this matter. As noted in co-defendant Darrell Bryant's Motion for Stay of Judgment Pending Appeal or in the Alternative Motion for Stay of Judgment for a Period of Time to Resolve Civil Suits (*hereinafter* Bryant's Motion) (Doc. #150), the Sullivant Avenue property is at issue in a civil suit between Michael Alexander and Darrell Bryant. *Id.* PAGEID 2511. In addition, co-defendant Darrell Bryant stated in his Motion he is filing for bankruptcy. *Id.* Given the property at issue is involved in several other civil matters, is therefore unclear what the status of this property will be in the near future. The defendants owe $3,207,491.22 in restitution. As the United States Attorney's Office's Financial Litigation Unit analyzes assets of the co-defendants, it is unclear at this time what property or assets may be used to satisfy the judgment. For all of these reasons, we believe it is inappropriate for the court to issue a decision granting permission to the defendant to rent a specific property.

**V.       Conclusion**

For the reasons stated above, the defendant's motion calls for the court to issue an advisory opinion. Therefore, the defendant's motion should be denied.

    Respectfully submitted,

    DAVID M. DEVILLERS
    United States Attorney


    s/Maritsa A. Flaherty
    MARITSA A. FLAHERTY (0080903)
    KENNETH F. AFFELDT (0052128)
    Assistant United States Attorneys
    303 Marconi Boulevard, Suite 200
    Columbus, Ohio 43215
    Office: (614) 255-1611
    Fax: (614) 469-5653
    Email: Maritsa.Flaherty@usdoj.gov
    Email: Ken.Affeldt@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 31st day of March, 2020, a copy of the foregoing Government's Opposition to Defendant's Motion to Request Permission to Rent 3219 Sullivant Avenue was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                               s/Maritsa A. Flaherty
                                               MARITSA A. FLAHERTY (0080903)
                                               Assistant United States Attorney